MILBERG LLP
JEFF S. WESTERMAN (SBN 94559)
E-mail:jwesterman@milberg.com
One California Plaza
300 South Grand Ave., Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975

LAW OFFICES OF GEORGE A. SHOHET,
A PROFESSIONAL CORPORATION
GEORGE A. SHOHET (SBN 112697)
E-mail:georgeshohet@gmail.com
245 Main Street, Suite 310
Venice, California 90291
Telephone: (310) 452-3176
Facsimile: (310) 452-2270

*Proposed Co-Lead Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. BONDAR, as Trustee of the Bondar Family Trust Dated 4/1/91, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, BANC OF AMERICA INVESTMENT SERVICES, INC., and BANC OF AMERICA SECURITIES, LLC,<br><br>Defendants. | Civil Action No. 08 CV 2599 JSW<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HANOCH BEN-TAL, AS TRUSTEE FOR THE BEN-TAL FAMILY TRUST, AND ARIC A. STREIT AND MARY STREIT, AS TRUSTEES FOR THE BENEFIT OF THE STREIT LIVING TRUST, FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL<br><br>DATE: August 29, 2008<br>TIME: 9:00 a.m.<br>CTRM: 17th Floor<br>JUDGE: Hon. Jeffrey S. White |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL - Case No. 08 CV 2599 JSW
DOCS\440572v1

Class members Hanoch Ben-Tal as Trustee for the benefit of the Ben-Tal Family Trust, and Aric A. Streit and Mary Streit, as Trustees for the benefit of the Streit Living Trust (collectively, "Movants") respectfully submit this Memorandum of Law in support of their motion for an order: (i) consolidating any related actions filed in or transferred to this District for all purposes pursuant to Fed. R. Civ. P. 42(a); (ii) appointing Movants as Co-Lead Plaintiffs pursuant to the PSLRA; (iii) approving Movants' selection of Milberg and Shohet as Co-Lead Counsel in this action and in any subsequently filed and/or related cases; and (iv) granting such other and further relief as the Court may deem just and proper.

Movants have a total of $6.85 million of auction rate securities (sometimes referred to using the acronym "ARS") purchased through Bank of America Corporation, Banc of America Investment Services, Inc., Banc of America Securities, LLC (collectively, "defendants" or "Bank of America") that are now frozen in their respective accounts.[1] Because of the extent of their ARS holdings, Movants have a powerful financial incentive to recover the full value of their holdings from the defendants and pursue other appropriate remedies. They have executed certifications demonstrating the extent of their holdings and desire to serve as the Co-Lead Plaintiffs. *See* Declaration of Jeff S. Westerman in Support of the Motion of Hanoch Ben-Tal as Trustee for the benefit of the Ben-Tal Family Trust and Aric A. Streit and Mary Streit as Trustees for the benefit of The Streit Living Trust for Appointment as Co-Lead Plaintiffs and Approval of Selection of Co-Lead Counsel ("Westerman Decl."), Exs. A and B.

Movants appear to have the largest financial interest in the outcome of this litigation, and otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. For these reasons, they believe that they are the "most adequate plaintiffs" to lead the litigation and their selection of co-lead counsel should be approved.

[1] Shortly before the ARS market collapsed, the Streits transferred their ARS holdings acquired through Bank of America to another broker-dealer. Although the securities were transferred before the collapse of the ARS market, they were not sold before the collapse and remain frozen and illiquid.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL - Case No. 08 CV 2599 JSW - 1 -
DOCS\440572v1

**I. FACTUAL BACKGROUND**

On May 22, 2008, a class action was filed on behalf of persons or entities who purchased and continue to hold auction rate securities offered for sale by defendants between May 22, 2003, and February 13, 2008 (the "Class Period").[2] The plaintiff alleges violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a) and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder.

Defendants allegedly knew, but failed to disclose, material facts while marketing ARS to class members, including, *inter alia*, the true risks associated with these securities and the ARS market generally. ARS were falsely portrayed as suitable for risk-averse investors seeking liquidity and preservation of principal. Defendants falsely marketed ARS as desirable because they earned slightly higher interest rates or dividends over other safe, short-term investments, like U.S. Treasuries. Class members were typically promised that they could obtain a return of their monies by liquidating these holdings every 7, 28 or 35 days.

In fact, defendants knew that (a) these securities were not safe, short term investments; (b) continuing liquidity was uncertain because it depended substantially, if not completely, on defendants and other broker-dealers artificially supporting the ARS auctions and market; (c) in fact no real market for these securities could or would exist, and most if not all of the auctions for these securities would be overwhelmingly, if not completely, doomed to failure, were it not for defendants' and other broker-dealers' constant and pervasive support and propping up of these auctions by always, or nearly always, serving as buyers of last resort for these securities;

---

2 Movants have filed a securities class action against the defendants in the Central District of California, captioned *Hanoch Ben-Tal, et al. v. Bank of America Corporation, et al.*, Case No. CV 08-4767 JSL (C.D. Cal., filed July 21, 2008). In addition to alleging claims against the defendants under the Exchange Act, Movants assert claims under the Investment Advisers Act, 15 U.S.C.§ 80b-1, *et seq.* We are also informed thee is a similar action pending, which was filed by plaintiffs, in the Southern District of California *Bearman v. Bank of America Corporation*, Case No. 08-cv-1115-DMS-WMC. Under the PSLRA, these cases should be consolidated before lead plaintiff and lead counsel are selected. 15 U.S.C. § 78u-4(a)(3)(B)(ii).

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL - Case No. 08 CV 2599 JSW

- 2 -

DOCS\440572v1

and (d) these securities would (and did) in fact become illiquid as soon as defendants ceased their routine and pervasive artificial support for the ARS auction market.

On February 13, 2008, Movants and other Class members were devastated by the sudden collapse of the ARS market due to the failure of almost 90% of all auctions caused by Defendants' misconduct. Over $300 billion in ARS holdings became illiquid because defendants will no longer support the auction process they devised. Numerous class members are experiencing life-changing hardship given the inability to tap significant sums of their own money. In some cases large portions (or all) of their life savings are frozen, while in others monies urgently needed for medical expenses, tax obligations, home purchases and the like are inaccessible.

## II. ARGUMENT[3]

### A. Movants Should Be Appointed Co-Lead Plaintiffs

The PSLRA establishes a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(l) and (a)(3)(B)(i). First, the plaintiff who files the initial action must publish a notice to the class, within twenty days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The plaintiff in this action caused notice to be published pursuant to the PSLRA on *Business Wire* on May 22, 2008. *See* Westerman Decl., Ex. C. National news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

---

[3] Movants respectfully request that any related actions filed in or transferred to this District be ordered consolidated for all purposes pursuant pursuant to Fed. R. Civ. P. 42(a).

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL - Case No. 08 CV 2599 JSW

- 3 -

DOCS\440572v1

Second, within sixty days of publishing the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Third, within ninety days after publication of the initial notice of pendency, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that:
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 402-04 (S.D.N.Y. 2004).

**1. Movants Satisfy the Lead Plaintiff Requirements of the PSLRA**

**a. Movants Complied with the PSLRA, Are the Most Adequate Plaintiffs Under the PSLRA, and Should Be Appointed Lead Plaintiffs**

Movants filed their motion within the time period in which Class members may move to be appointed Lead Plaintiff in this case, under 15 U.S.C. § 78u-4(a)(3)(A) and (B), which expires on July 21, 2008. Movants reviewed the allegations in the complaint in this action and are willing to serve as representatives on behalf of the Class. *See* Westerman Decl., Exs.A and B. In addition, Movants selected and retained highly experienced and competent counsel to

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL - Case No. 08 CV 2599 JSW
- 4 -
DOCS\440572v1

represent them and the Class. *See* Westerman Decl., Exs. D and E (attaching firm résumés of Milberg and Shohet).

Accordingly, Movants satisfy the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and their application for appointment as Co-Lead Plaintiffs, and selection of Milberg and Shohet as Co-Lead Counsel, should be approved by the Court.

**b. Movants Have the Requisite Financial Interest in the Relief Sought by the Class**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the Class member who represents the largest financial interest in the relief sought by the action. *See In re Cavanaugh*, 306 F.3d. at 730 ("[T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (identification of the most adequate plaintiff, "begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.'") (*quoting* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)); *In re Charles Schwab Securities Litigation*, No. C 08-01510 WHA, 2008 WL 2635495, *3 (N.D. Cal. July 3, 2008) (equating "largest financial interest" with largest potential recovery).

In securities cases brought pursuant to the PSLRA, the relative financial interest of lead plaintiff movants is often measured by the difference between the class-period purchase price of the securities on the one hand, and sale price of the securities subsequent to disclosure of defendants' materially false and misleading statements on the other. The case at bar differs because the gravamen of plaintiff's allegations is that defendants failed to disclose the true risks and nature of the securities and ARS market. In these cases, class members were harmed when their investments became illiquid and they could not access their money. In addition, because the purported values of the ARS were inflated by defendants' concealment of the true risks, interest rates on the ARS were much lower than what should have been offered and paid.

During the Class period, as evidenced by, among other things, the accompanying signed certifications (*see* Westerman Decl., Exs. A and B), the Movants purchased a total of $6,850,000

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL - Case No. 08 CV 2599 JSW

- 5 -

DOCS\440572v1

in ARS from defendants that are currently held by Movants, and were injured thereby. Because Movants satisfy all of the PSLRA's prerequisites, they should be appointed Co-Lead Plaintiffs pursuant to 15 U.S.C. § 78u4(a)(3)(B).

**c. Movants Otherwise Satisfy Rule 23**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "'otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" *See In re Cavanaugh*, 306 F.3d at 730. Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. *Richardson v. TVIA, Inc.*, No. C 06 06304 RMWC, 2007 WL 1129344, *5-*6 (N.D. Cal. Apr 16, 2007). Consequently, in deciding a motion for Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification. *See id.; see also Lax v. First Merchs. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. August 11, 1997); *Fischler v. Amsouth Bancorporation*, No. 96-1567-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997); *Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412. As detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby further justifying their appointment as Lead Plaintiffs.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL - Case No. 08 CV 2599 JSW

- 6 -

DOCS\440572v1

**(1) Movants Fulfill the Typicality Requirements**

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Plaintiffs satisfy the "typicality" requirement if their claims or defenses "are reasonably co-extensive with those of absent class members; they need not be identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.1998). *See also Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412; *Philips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted that determines whether the class representatives are typical, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citation omitted). Since the plaintiffs seek to prove that Defendants "committed the same unlawful acts in the same method against an entire class . . . all members of this class have identical claims . . . . [t]herefore, the certification of the suit as a class action satisfied the requirements of Rule 23(a)(3)." *Kennedy v. Tallant*, 710 F.2d 711,717 (11th Cir. 1983).

Movants seek to represent a class of purchasers of Bank of America ARS that have virtually identical, non-competing and non-conflicting interests. Movants satisfy the typicality requirement because, as with all other Class members, they: (1) purchased or otherwise acquired Bank of America ARS during the Class period set out in the complaint; (2) purchased or otherwise acquired Bank of America ARS as a result of the same allegedly materially false and misleading statements and/or omissions; and (3) suffered economic loss thereby when the market for ARS collapsed and the ARS became illiquid. Thus, Movants' claims are typical of those of other Class members since their claims and the claims of other Class members are identical or substantially similar and arise out of the same course of events.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL - Case No. 08 CV 2599 JSW

- 7 -

DOCS\440572v1

**(2) Movants Fulfill the Adequacy Requirement**

To fulfill the "adequacy" requirement, the lead plaintiff must demonstrate the ability to fairly and adequately protect the interests of the class. Fed. Rule Civ. P. 23(a). To establish this, Movants must demonstrate that they have no interests in conflict with other class members and the ability, with counsel, to vigorously prosecute the action. *See Hanlon*, 150 F.3d at 1020. Thus the standard for adequacy is met if it appears that (1) the named plaintiff has interests in common with, and not antagonistic to, the class's interests; and (2) the plaintiff's attorneys are qualified, experienced and generally able to vigorously conduct the litigation. *See, e.g.*, *Kirkpatrick v. J. C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987); *see also In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 800 (3d Cir. 1995); *Babcock*, 212 F.R.D. at 131 (citation omitted).

As detailed above, Movants are adequate representatives of the class because they share common questions of law and fact with the members of the class and their claims are typical of the claims of other class members. As evidenced by the injury suffered by Movants, who acquired their ARS from defendants during the class period pursuant to defendants material misstatements and omissions, the interests of Movants are aligned with the interests of the members of the class, and there is no evidence of any antagonism.

Further, Movants took significant steps demonstrating that they will continue to protect the interests of the Class: they executed certifications detailing their class period transactions and expressing their willingness to serve as Co-Lead Plaintiffs; they moved this Court to be appointed as Co-Lead Plaintiffs in this action; and they retained competent and experienced counsel who, as shown below, will vigorously conduct this complex litigation in a professional and efficient manner. See generally Lax, 1997 U.S. Dist. LEXIS 11866, at *21-25.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL - Case No. 08 CV 2599 JSW

- 8 -

DOCS\440572v1

**B. The Court Should Approve Movants' Choice of Milberg and Shohet as Co-Lead Counsel of the Securities Actions Pursuant to the PSLRA and as Interim Co-Lead Counsel of the IAA Claims Under Rule 236**

**1. Milberg and Shohet Satisfy the Requirements of the PSLRA**

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class. The Court should not disturb the Lead Plaintiffs' choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also In re Cavanaugh*, 306 F.3d 726. Movants selected and retained Milberg and Shohet to serve as Co-Lead Counsel for the class.

Both firms are highly regarded and experienced in prosecuting complex and class action litigation with a well-known record of success pursuing financial, accounting, and securities fraud matters. *See* Westerman Decl., Exs. D and E. Thus, the Court may be assured that by approving Movants' choice of Co-Lead Counsel, the class will receive the highest caliber of legal representation.

In addition, Milberg often takes a leading role in pursuing securities fraud class action claims on behalf of injured investors. This past year, the firm was ranked number one for recoveries which totaled approximately $3,804,625,000.
*See* http://slw.riskmetrics.com/2008/03/the_scas_50_for_2007.html.

In the past two years alone, Milberg successfully settled and received preliminary and/or final approval for settlement in many complicated representaive actions. For example, on December 26, 2006, Milberg settled a case against Nortel Networks Corp. for cash and stock valued at $1.32 billion. *In re Nortel Networks Corp. Sec. Litig*., No. 01-CV-1855 (S.D.N.Y. filed Mar. 2, 2001) (Berman, J.). In June 16, 2006, Milberg achieved settlement and final approval of settlement with KPMG for $225 million. *Simon v. KPMG LLP*, No. 05-CV-03189 (D.N.J. filed June 24, 2005). On January 10, 2007, Milberg received final court approval of a settlement with Sears for $215 million. *In re Sears, Roebuck & Co. Sec. Litig*., No. 02-CV-7527 (N.D. Ill. filed Oct. 18, 2002). In September 2007, Milberg settled the *CMS Energy* securities litigation for

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL - Case No. 08 CV 2599 JSW - 9 -
DOCS\440572v1

$200 million. *Green v. CMS Energy Corp.*, No. 02-CV-72004 (E.D. Mich. filed May 17, 2002). And just recently, Judge Lynch preliminarily approved a settlement with Biovail Corporation for $138 million where Milberg is co-lead counsel. *In re Biovail Corp. Sec. Litig.*, No. 03-cv-8917-GEL (S.D.N.Y. filed Nov. 12, 2003).

Significantly, on December 19, 2007, Judge Paul Barbadoro of the District of New Hampshire granted final approval of a $3.2 billion settlement of investor claims involving Tyco International, Ltd. Milberg was Co-Lead counsel for plaintiffs in the Tyco litigation and worked to achieve the largest cash payment ever made by a corporate defendant in the history of U.S. securities litigation, and the second-largest auditor settlement in securities class action history. In re Tyco Sec. Litig., No. 02-md-01335 (D.N.H. filed Aug. 23, 2002).

In sum, Milberg and Shohet are well-established and successful law firms that have the resources necessary to pursue a case of this magnitude. Both firms have a proven track record of managing securities litigation and will dedicate the resources necessary to represent zealously the interests of the class members.

## III. <u>CONCLUSION</u>

For the reasons stated above, Movants satisfy the requirements of the PSLRA and are the most adequate plaintiffs in this action, and should be appointed Co-Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(3)(B). As the most adequate plaintiffs, Movants respectfully request that the Court (i) consolidate any related actions filed in or transferred to this District for all purposes pursuant to Fed. R. Civ. P. 42(a); (ii) appoint Movants as Co-Lead Plaintiffs pursuant to the PSLRA; (iii) approve Movants' selection of Milberg and Shohet as Co-Lead Counsel in this action and in any subsequently filed and/or related cases; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: July 21, 2008

MILBERG LLP
JEFF S. WESTERMAN

By: ___*/s/ Jeff S. Westerman*___
JEFF S. WESTERMAN

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL - Case No. 08 CV 2599 JSW

- 10 -

DOCS\440572v1

One California Plaza
300 South Grand Avenue, Suite 3900
Los Angeles, California 90071
Telephone: (213) 617-1200
Facsimile:  (213) 617-1975
E-mail: jwesterman@milberg.com

LAW OFFICES OF GEORGE A. SHOHET,
A PROFESSIONAL CORPORATION
GEORGE A. SHOHET
245 Main Street, Suite 310
Venice, California 90291
Telephone: (310) 452-3176
Facsimile:  (310) 452-2270
E-mail: georgeshohet@gmail.com

*Counsel for Hanoch Ben-Tal as Trustee of the Ben-Tal Family Trust and Aric A. Streit and Mary Streit as Trustees for the benefit of the Streit Living Trust and Proposed Co-Lead Counsel for the Class*

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL - Case No. 08 CV 2599 JSW   - 11 -

DOCS\440572v1

**DECLARATION OF SERVICE BY MAIL**

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, employed in the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, California 90071-3149.

2. That on July 21, 2008, declarant served the MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HANOCH BEN-TAL, AS TRUSTEE FOR THE BEN-TAL FAMILY TRUST, AND ARIC A. STREIT AND MARY STREIT, AS TRUSTEES FOR THE BENEFIT OF THE STREIT LIVING TRUST, FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL by depositing a true copy thereof in a United States mailbox at Los Angeles, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

4. That on the above date, declarant served via e-mail to: scac@law.stanford.edu.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of July, 2008, at Los Angeles, California.

ANN MARIE GENOVESE

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL - Case No. 08 CV 2599 JSW

- 12 -

DOCS\440572v1

*Bank of America Corporation*
**Service List**

***Plaintiffs Counsel:***

Jeff S. Westerman
**MILBERG LLP**
300 South Grand Ave., Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
Email: jwesterman@milberg.com

George A. Shohet
**LAW OFFICES OF GEORGE A. SHOHET, A PROFESSIONAL CORPORATION**
245 Main Street, Suite 310
Venice, CA 90291
Telephone: (310) 452-3176
Email: georgeshohet@gmail.com

Daniel C. Girard
Jonathan K. Levine
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: dcg@girardgibbs.com
jkl@girardgibbs.com

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714) 7101
Email: siegel@stuevesiegel.com

Christopher S. Seeger
Steven A. Weiss
David R. Buchanan
**SEEGER WEISS LLP**
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799
Email: cseeger@seegerweiss.com
sweiss@seegerweiss.com
dbuchanan@seegerweiss.com

Eileen L. McGeever
**RUSHALL & MCGEEVER**
6100 Innovation Way
Carlsbad, CA 92009
Telephone: (760) 438-6855
Facsimile: (760) 438-3026
Email: RM@rushallmcgeever.com

Shawn Khorrami
**KHORRAMI POLLARD & ABIR LLP**
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Telephone: (213) 596-6000
Facsimile: (213) 596-6010
Email: SKhorrami@kpalawyers.com

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL - Case No. 08 CV 2599 JSW
- 13 -
DOCS\440572v1

***Defendants Counsel:***

Debra S. Belaga
Aaron M. Rofkahr
**O'MELVENY & MYERS LLP**
Embarcadero Center West
275 Battery Street, Ste. 2600
San Francisco, CA 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
Email: dbelaga@omm.com
arofkahr@omm.com

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL - Case No. 08 CV 2599 JSW
- 14 -
DOCS\440572v1