Daniel C. Girard (State Bar No. 114826)
dcg@girardgibbs.com
Jonathan K. Levine (State Bar No. 220289)
jkl@girardgibbs.com
Aaron M. Sheanin (State Bar No. 214472)
ams@girardgibbs.com
Christina H. C. Sharp (State Bar No. 245869)
chc@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

*Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. BONDAR, as Trustee of the Bondar Family Trust Dated 4/1/91, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, BANC OF AMERICA INVESTMENT SERVICES, INC., and BANC OF AMERICA SECURITIES, LLC,<br><br>Defendants. | **Case No. CV-08-2599 (JSW)**<br><br>**ADMINISTRATIVE MOTION RE ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL** |

- 1 -

ADMINISTRATIVE MOTION RE ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL

Lead Plaintiffs the Charles T. Sitrin Network of Homes & Services, Inc. and the Charles T. Sitrin Healthcare Center, Inc.; Alan Wofsy, Myrtle Street Flats LLC dba Sunrise Properties, and Emeric-Goodman Associates LLC; and Dennis J. Pitocco (collectively, "Lead Plaintiffs" or the "Sitrin Group") submit this administrative motion to address an issue regarding the appointment of Lead Plaintiff and approval of selection of Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Earlier today, the Court issued an Order Vacating Order Granting Plaintiffs' Motion For Appointment As Lead Plaintiff And Approving Lead Plaintiffs' Selection Of Lead Counsel in a similar matter, styled *Van Dyke v. Wells Fargo & Co., et al.*, 08-1962 (JSW) ("*Van Dyke* Order") (Docket No. 23). *See* Declaration of Aaron M. Sheanin in Support of Administrative Motion re Order Appointing Lead Plaintiff and Lead Counsel ("Sheanin Decl."), Ex. A. In the interests of efficiency and candor to the Court, Lead Plaintiffs submit this administrative motion to address the Court's reasoning in the *Van Dyke* matter and the extent to which it may apply to this action. Upon receiving the *Van Dyke* Order, Lead Counsel contacted the Court's deputy to apprise the Court that this administrative motion would be forthcoming.

This case is a class action arising out of Bank of America's sales of auction rate securities. There are approximately 30 similar auction rate securities cases against various brokerage firms (*e.g.*, UBS, Citigroup, Wachovia, Merrill Lynch, etc.) pending in courts around the country. The cases all allege that the brokerage firms sold auction rate securities as readily liquid, cash equivalent investments. The securities now cannot be sold following the collapse of the auction rate securities market in February 2008. A motion to transfer all of these cases, including the actions against Bank of America, to a single court for coordinated pre-trial proceedings is now pending before the Judicial Panel on Multidistrict Litigation ("JPML") (*In re Auction Rate Securities (ARS) Marketing Litigation*, MDL No. 1979). *See* Sheanin Decl., Ex. B. That motion is scheduled to be heard by the Panel on its September 2008 calendar.

The motion before the JPML seeks coordination of the auction rate securities cases, because those cases involve common questions of fact as to the practices of all brokerage firms that sold auction rate securities. The motion does not seek consolidation of cases against individual brokerages, however.

- 2 -
ADMINISTRATIVE MOTION RE ORDER APPIONTING LEAD PLAINTIFF AND LEAD COUNSEL

If the JPML were to grant the motion, all cases would be sent to a single court, but the actions against individual brokerages, such as UBS, Citigroup and Bank of America, would not be consolidated with each other. Separate Lead Plaintiffs would be appointed to represent purchasers of auction rate securities from each of the various brokers. Such appointments already have been made in actions against certain brokers. *See, e.g., In re UBS Auction Rate Securities Litigation*, 08 Civ. 2967 (LMM), 2008 U.S. Dist. LEXIS 56016 (S.D.N.Y. July 16, 2008) (consolidating related auction rate securities cases against UBS and appointing Lead Plaintiff and Lead Counsel pursuant to the PSLRA). Appointments also have been made in auction rate securities class actions against Citigroup, Wachovia, E*TRADE Financial, and Raymond James Financial.

There are four auction rate securities class actions pending against Bank of America:

(1) *Bondar v. Bank of America Corp. et al.*, Case No. 08-2599 (JSW) (N.D. Cal. filed May 22, 2008), pending before this Court;

(2) *Bearman v. Bank of America Corp., et al.*, Case No. 08-1115 (DMS) (WMC) (S.D. Cal. filed June 23, 2008), pending before the Southern District of California;

(3) *Cattell v. Bank of America Corp., et al.*, Case No. 08-511 (GPM) (S.D. Ill. Filed July 17, 2008), pending before the Southern District of Illinois; and

(4) *Ben-Tal v. Bank of America Corp. et al.*, 08-4767 (MRP) (PLA) (C.D. Cal. filed July 21, 2008), pending before the Central District of California.

These actions are subject to the motion before the JPML.

*Bondar* is the first-filed of these four actions. On July 21, 2008, the Sitrin Group and Class members Hanoch Ben-Tal, Aric A. Streit and Mary Streit (collectively, the "Ben-Tal Group") timely filed competing motions for appointment of Lead Plaintiff and approval of selection of counsel. (Docket Nos. 15-16, 21-23.) No other Class member sought appointment. In addition neither the Sitrin Group, the Ben-Tal Group nor any other class member sought consolidation of the actions listed above.

On August 4, 2008, the Sitrin Group and the Ben-Tal Group filed a stipulation with this Court in which the Ben-Tal Group and its counsel acknowledged that: (a) among the movants for Lead Plaintiff, the Sitrin Group has the largest financial interest in this litigation; (b) the Sitrin Group should be

appointed Lead Plaintiff pursuant to the PSLRA, subject to the Court's approval; and (c) the Sitrin Group's selection of counsel should be appointed Lead Counsel for the Class, subject to the Court's approval. (Docket No. 31.) On August 5, 2008, the Court entered an Order granting the parties' stipulation, appointing the Sitrin Group as Lead Plaintiff, and approving the Sitrin Group's selection of Lead Counsel. (Docket No. 32.)

On August 7, 2008, the Court issued the *Van Dyke* Order which vacated a prior order appointing Lead Plaintiff and Lead Counsel in that action. The Court noted that *Van Dyke*, an auction rate securities class action against Wells Fargo, is subject to the motion before the JPML. The Court concluded that it lacked the authority to appoint Lead Plaintiff and Lead Counsel until after the JPML renders a decision. *Van Dyke* Order at 1 (citing 15 U.S.C. § 78u-4(a)(B)(3)(ii) ("the court shall not make the determination required by clause (i) until after the decision on the motion to consolidate is rendered")).

Lead Plaintiffs here anticipate that the Court will apply the reasoning of the *Van Dyke* Order in this action, but believe that the Court need not vacate the August 5 Order entered in this case. First, all Class members interested in seeking appointment as Lead Plaintiff in auction rate securities litigation against Bank of America were given ample notice and had the opportunity to file a motion for appointment in this action on July 21, as required by the PSLRA. Only two groups of movants—the Sitrin Group and the Ben-Tal Group—chose to do so. Since then, the Ben-Tal Group has conceded that the Sitrin Group has the greatest financial interest and should be appointed Lead Plaintiff. There is no other competing application and no opposition to the Sitrin Group's appointment.

Second, the provision of the PSRLA that precludes the Court from appointing Lead Plaintiff and Lead Counsel until a decision on the motion to consolidate has been rendered, applies only if a party has sought to consolidate related actions. *See* 15 U.S.C. § 78u-4(a)(B)(3)(ii). Here, no party in any of the Bank of America actions has sought consolidation in this Court or any other court in which those cases have been filed.

Third, counsel for plaintiffs in the other related actions, *Bearman*, *Cattell* and *Ben-Tal*, have informed Lead Counsel that they will dismiss their actions without prejudice promptly, to allow the auction rate securities class action litigation against Bank of America to proceed only in the *Bondar*

1  case. As a result, there will be no need to consolidate cases against Bank of America, and 15 U.S.C. §
2  78u-4(a)(B)(3)(ii) will not apply.

3      Fourth, the pendency of the motion before the JPML does not preclude this Court from
4  maintaining its appointment of Lead Plaintiff and Lead Counsel in the litigation against Bank of
5  America. As explained above, the motion before the JPML seeks coordination only—*not*
6  consolidation—of the auction rate securities cases against the various brokerage firms. Regardless of
7  whether that motion is granted, Lead Plaintiffs will need to be appointed to represent purchasers of
8  auction rate securities from Bank of America, separate from the Lead Plaintiffs appointed to represent
9  classes of investors against other brokers. This Court will facilitate the process of affording
10 representation to the Class now.

11     For the foregoing reasons, Lead Plaintiffs respectfully request that the Court allow its August 5
12 Order appointing Lead Plaintiffs and Lead Counsel to stand.

14 DATED:  August 7, 2008          **GIRARD GIBBS LLP**

16           By:   */s/ Aaron M. Sheanin*

17           Daniel C. Girard
          Jonathan K. Levine
18           Aaron M. Sheanin
          Christina H.C. Sharp
19           601 California Street, 14th Floor
          San Francisco, CA 94108
20           Telephone:  (415) 981-4800
          Facsimile:  (415) 981-4846

21           *Lead Counsel*

# CERTIFICATE OF SERVICE

I, Aaron M. Sheanin, hereby certify that on August 7, 2008, I caused the foregoing document to be filed electronically with the United States District Court for the Northern District of California's through the Court's mandated ECF service. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document(s) upon confirmation of e-filing.

I also caused the foregoing document to be delivered via first-class mail on:

Eileen L. McGeever
**Rushall & McGeever**
6100 Innovation Way
Carlsbad, CA 92009

Corey D. Sullivan
**Carey & DAnis, LLC**
8235 Forsyth Blvd., Suite 1100
St. Louis, MO 63015

Shawn Khorrami
**Khorrami Pollard & Abir LLP**
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071

*Counsel for Plaintiff Cattell*

*Counsel for Plaintiff Bearman*

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of August, 2008 at San Francisco, California.

_____/s/ Aaron M. Sheanin_____