IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:BANK OF AMERICA CORP. AUCTION RATE SECURITIES (ARS) MARKETING LITIGATION,<br><br>This Order Relates to:<br><br>ALL CASES<br>_____/ | MDL No. 09-02014 JSW<br><br>**PRETRIAL ORDER NO. 1: PRACTICE AND PROCEDURE ORDER** |

1.      This order shall govern the practice and procedure in those actions transferred to this court by the Judicial Panel on Multidistrict Litigation pursuant to their order of February 12, 2009, as well as all related actions originally filed in this court or transferred or removed to this court.  This order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 1 of the Rules of Procedure of that Panel subsequent to the filing of the final transfer order by the Clerk of this Court and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

2.      The actions described in Paragraph 1 of this Order have been sent to this Court for coordination or consolidation of pretrial proceedings.  (*See* MDL Transfer Order at 3.) parties shall address whether coordination or consolidation is more appropriate in the case management conference statement required by this Order.

3.      The Court will be guided by the *Manual for Complex Litigation, Fourth* approved by the Judicial Conference of the United States, as well as by the Civil Local Rules of

Court for the United States District Court for the Northern District of California ("the Civil Local Rules"), and this Court's Standing Orders. Counsel are directed to familiarize themselves with the MCL 4th, the Civil Local Rules, and this Court's Standing Orders. In addition, the parties shall follow Civil Local Rule 7-11 with regard to motion practice and shall check this Court's calendar for available dates for cases ending with **terminal digits 1 and 2** before noticing any hearings.

4. The Clerk of the Court will maintain a master docket case file under the style "In re Bank of America Corp. Auction Rate Securities (ARS) Marketing Litigation" and the identification "MDL No. 09-2014." When a pleading is intended to apply to just one of the actions, that case name and number shall appear immediately after the words "This Document Relates to."

5. This case is subject to Electronic Case Filing ("ECF"), pursuant to General Order 45, Section VI of which requires that all documents in such a case be filed electronically. General Order 45 provides at Section IV(A) that "Each attorney of record is obligated to become an ECF User and be assigned a user ID and password for access to the system upon designation of the action as being subject to ECF." If he or she has not already done so, counsel shall register forthwith as an ECF User and be issued an ECF User ID and password. Forms and instructions can be found on the Court's Website at ecf.cand.uscourts.gov. All documents shall be e-filed the master file 09-2014. Documents that pertain only to an individual action shall *also* be e-filed in the respective action to which the document pertains. Any paper which is to be filed in any of these actions shall be e-filed with the Clerk of this Court and not with the transferor district court.

6. When an action that properly belongs as part of "In re Bank of America Corp. Auction Rate Securities (ARS) Marketing Litigation" is filed after the date of this Order in the Northern District of California or is transferred here from another court, the Clerk of this Court shall:

    a. File a copy of this Order in the separate file for such action;

    b. Make and appropriate entry on the master docket sheet;

2

      c.      Mail to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;

      d.      Upon the first appearance of any new defendant, mail to the attorneys for the defendant in any such newly filed or transferred cases a copy of this Order.

7.      Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this Court.  No parties to any of these actions shall be required to obtain local counsel in this district and the requirements of Civil Local Rule 11 of the Rules of this Court are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States Court.

8.      Prior to the first case management conference service of all papers shall be made on each of the attorneys.  Any attorney who wishes to have his name added to or deleted from the service list may do so upon request to the Clerk of this Court with notice to all other persons on such service list.  Service shall be deemed sufficient if made upon all attorneys.  The parties shall present to the Court at the first case management conference a list of attorneys for purposes of service. Only one attorney or each party separately represented shall be included on such list.

9.      Prior to the first case management conference, counsel for each group of parties whose interests are similarly aligned shall designate liaison counsel, subject to the approval of the Court.  Liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.  Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 8(e) of the Panel's Rules of Procedure on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.

10. Upon remand of any of these actions the parties will be required to provide to this Court copies of any necessary and relevant papers previously filed.

11. Any paper filed in any of these actions which is substantially identical to any other paper filed in another of these actions shall be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers they shall join in the submission of such papers and shall file only one paper on behalf of all so joined.

12. Any orders including protective orders previously entered by this Court or any transferor district court shall remain in full force and effect unless modified by this Court upon application.

13. All discovery proceedings in these actions are stayed until further order of this Court and the time requirements to perform any acts or file any papers pursuant to Rules 26 through 37, Federal Rules of Civil Procedure, are tolled until the first case management conference at which time discovery schedule will be established.

14. Matters relating to pretrial and discovery proceedings in this case will be addressed at an initial Case Management Conference to be held on Friday, April 10, 2009 at 1:30 p.m, in Courtroom 11, 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California. The Court notes that it requires lead counsel to appear in person at the initial case management conference. Counsel shall be prepared to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. In particular, counsel for Plaintiffs in all cases and Defendants shall meet and confer to work in good faith to address the following issues by way of a joint case management conference statement, and to either make an agreed upon proposal to the Court or be in a position to identify areas and disagreement:

    a. Whether consolidated amended complaint(s) will be filed in any of the actions and the timing for filing the same;

    b. Timing for Defendants' responses to any consolidated amended complaint(s);

    c. The scope and timing of discovery;

4

1       d.      Dispositive motions procedures and schedule;

2       e.      Whether any existing protective orders need to be modified so as to comply with this Court's Local Rule 79-5;

4       f.      Other issues that may affect the efficient progress and resolution of these actions. *See* Civil Local Rule 16-9.

The parties shall submit their joint case management conference statement to the Court by April 3, 2009, and shall include therein a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues, as well as a summary of the parties' positions on the items listed above. These statements will not be binding, will not waive claims or defenses, and any not be offered in evidence against any party in later proceedings.

**IT IS SO ORDERED.**

Dated: March 11, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE