**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BANK OF AMERICA CORP. AUCTION RATE SECURITIES (ARS) MARKETING LITIGATION,<br><br>This Document Relates to:<br><br>*Bondar v. Bank of America Corp.*<br>No. C 08-2599 JSW | No. MDL 09-02014 JSW<br><br>**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART MOTION OF THE SITRIN GROUP TO WITHDRAW AND SUBSTITUTE LEAD PLAINTIFF** |

**INTRODUCTION**

Now before the Court for consideration is the Motion of the Sitrin Group to Withdraw and Substitute Lead Plaintiff. Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument and VACATES the hearing set for August 7, 2009. *See* N.D. Civ. L.R. 7-1(b). For the reasons set forth in the remainder of this Order, the Court HEREBY GRANTS IN PART AND DENIES WITHOUT PREJUDICE IN PART the motion.

**BACKGROUND**

On May 22, 2008, Plaintiff Richard S. Bondar filed his original complaint in this action, alleging that Defendants violated Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 in connection with the offer and sale of auction rate securities. On August 5, 2008, this

Court appointed the Sitrin Group as Lead Plaintiff. (*See Bondar v. Bank of America*, 08-2599-JSW, Docket No. 32.)[1]

On January 22, 2009, the Sitrin Group filed a First Amended Complaint. (Docket No. 43.) Defendants moved to dismiss on the basis that the Sitrin Group lacked standing because they had accepted an offer from Defendants to repurchase their auction rate securities. In response, N.R. Hamm Quarry, Inc. and Ed O'Gara ("the Hamm Group") filed a Second Amended Complaint. (Docket No. 64.) The Sitrin Group now moves for leave to withdraw as Lead Plaintiff in favor of the Hamm Group, whose auction rate securities have not been repurchased by Defendants.[2]

**ANALYSIS**

The Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 ("PSLRA") sets forth the requirements for the selection of lead of lead plaintiff and approval of lead counsel. Although the PSLRA is silent on the issues of withdrawal and substitution, there is authority to support the proposition that the Court may permit withdrawal and substitution in appropriate circumstances. *See, e.g., In re Impax Laboraories, Inc. Sec. Litig.*, 2008 U.S. Dist. LEXIS 104485 at 24-25 (N.D. Cal. April 17, 2008); *cf. In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 133, 140 (S.D.N.Y. 2007) (granting motion to disqualify one co-lead plaintiff but denying motion to substitute where remaining lead plaintiff could adequately represent the proposed class); *In re Portal Software, Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 41178 at *7-*15 (N.D. Cal. Mar. 9, 2005) (permitting addition of new plaintiff without repeating PSLRA's notice process, where additional plaintiff was required to represent interests of certain putative class members).

---

[1] Hereinafter all references to docket entries refer to the docket entries in *Bondar*.

[2] The Ben-Tal Group, which had previously moved for appointment as Lead Plaintiff and then stipulated to the Sitrin Group's appointment, does not oppose the motion to withdraw and does not seek to be appointed Lead Plaintiff in the Sitrin Group's stead. (*See* Docket No. 76.)

2

At this juncture, the Sitrin Group concedes that it lacks standing to pursue claims on behalf of the class. Accordingly, the Court finds good cause to permit them to withdraw as Lead Plaintiff, and the motion is granted in part on that basis.

Defendants do not dispute that this Court has discretion to appoint a new Lead Plaintiff. Rather, they contend that the Hamm Group does not qualify as a Lead Plaintiff under the PSLRA's standards and that the motion is either untimely, because the Hamm Group did not move at the outset of the litigation to serve as Lead Plaintiff, or is premature, because the Court has not yet permitted the Sitrin Group to withdraw.

The PSLRA provides that "the court shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA also sets forth a rebuttable presumption that the most adequate plaintiff is a person or group of persons who has filed a complaint or made a motion in response to notice published to class members, in the Court's determination has the largest financial interest in the relief sought by the class, and otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. *Id.* § 78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (stating that the "'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of [Federal Rule of Civil Procedure] 23"); *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999).

Here, the Hamm Group alleges that it has suffered a loss exceeding $15 million, which was larger than the losses alleged to have been suffered by the Sitrin Group. The Second Amended Complaint defines the class to include only those persons who suffered damages as a result of Defendants' conduct. Thus, Defendants' argument that the Hamm Group's claims are atypical, because they may not be subject to the same defenses as putative class members who have been made whole by Defendants is unavailing. Defendants also argue that the Hamm Group's claims are atypical, because they relied on representations that were not made to the class as a whole. However, the Court concludes that the record demonstrates that the Hamm Group's alleged injuries arose out of the same course of conduct and are premised upon the

3

same legal theories as those of the purported class members. Thus, at this stage, the Hamm Group has demonstrated its claims are typical of the class.

Nonetheless, the Court shall deny the motion to substitute the Hamm Group without prejudice. Although the PSLRA permits groups to be appointed as Lead Plaintiff, one of the goals of the PSLRA was to minimize lawyer driven lawsuits. *See In re Silicon Storage Tech., Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 45246 at *27-28 (N.D. Cal. 2005). When the *Bondar* complaint was initially filed, neither member of the Hamm Group sought to act as Lead Plaintiff. In addition, there is no explanation of what connection, if any, exists between N.R. Hamm Quarry and Ed O'Gara. *See In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1111 (N.D. Cal. 2001) (refusing to appoint group as lead plaintiff where no explanation was given as to whether the parties had a pre-existing relationship); *In re Silicon Storage*, 2005 U.S. Dist. LEXIS at *28 (adopting approach that requires group seeking to serve as Lead Plaintiff to justify and explain its composition and structure in terms of adequacy to represent the class). The Hamm Group may filed a renewed motion to act as Lead Plaintiff, but if it does, it must set forth a justification of its existence and explain its structure. *In re Silicon Storage*, 2005 U.S. Dist. LEXIS at *28. In addition, if there are other candidates who wish to seek appointment as Lead Counsel in light of the Sitrin Group's withdrawal, the Court shall consider any such motions.

## CONCLUSION

For the foregoing reasons, the Sitrin Group's motion to withdraw as Lead Plaintiff and to substitute the Hamm Group is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

**IT IS SO ORDERED.**

Dated: July 9, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4