**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:BANK OF AMERICA CORP. AUCTION RATE SECURITIES (ARS) MARKETING LITIGATION,<br><br>This Document Relates to:<br><br>*Bondar v. Bank of America Corp.*<br>No. C 08-2599 JSW<br><br>_____/ | No. MDL 09-02014 JSW<br><br>**ORDER GRANTING RENEWED MOTION OF THE HAMM GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** |

**INTRODUCTION**

Now before the Court for consideration is the Renewed Motion of the Hamm Group for Appointment as Lead Plaintiff and Approval of Selection of Counsel. Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument and VACATES the hearing set for September 4, 2009. *See* N.D. Civ. L.R. 7-1(b). For the reasons set forth in the remainder of this Order, the Court HEREBY GRANTS the motion.

**BACKGROUND**

On May 22, 2008, Richard S. Bondar filed the original complaint in this action, in which he alleged that Defendants violated Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 in connection with the offer and sale of auction rate securities. On August 5, 2008, this

Court appointed the Sitrin Group as Lead Plaintiff. (*See Bondar v. Bank of America*, 08-2599-JSW, Docket No. 32.)[1]

On January 22, 2009, the Sitrin Group filed a First Amended Complaint. (Docket No. 43.) Defendants moved to dismiss on the basis that the Sitrin Group lacked standing, because they had accepted an offer from Defendants to repurchase their auction rate securities. In response, N.R. Hamm Quarry, Inc. and Ed O'Gara ("the Hamm Group") filed a Second Amended Complaint. (Docket No. 64.)

On June 9, 2009, the Sitrin Group moved to withdraw as Lead Plaintiff in favor of the Hamm Group, whose auction rate securities have not been repurchased by Defendants. (Docket No. 66.) The Court granted the Sitrin Group's motion to withdraw. (Docket No. 80 (July 9 Order at 3:1-3).) The Court, however, concluded that the Hamm Group had not adequately set forth a justification of its existence or explained its structure. On that basis, the Court denied without prejudice the Hamm Group's motion to substitute in as Lead Plaintiff. (*Id.* at 4:3-16.)

The Hamm Group consists of N.R. Hamm Quarry, Inc ("Hamm Quarry"), which purchased more than $15 million of auction rate securities from Defendants, and Ed O'Gara, who alleges that Defendants served as an auction dealer for $250,000 worth of auction rate securities that he purchased. (Declaration of C. Scott Anderson ("Anderson Decl."), ¶ 2; Declaration of Ed O'Gara ("O'Gara Decl."), ¶ 2.) Hamm Quarry and Mr. O'Gara had no relationship prior to this litigation.

Hamm Quarry's Chief Financial Officer, C. Scott Anderson attests that he will obtain periodic reports from counsel, review pleadings and comply with discovery requests. Mr. O'Gara makes similar representations. (Anderson Decl., ¶ 4; O'Gara Decl., ¶ 3.) Mr. Anderson and Mr. O'Gara also attest that they have conferred with one another about this litigation, will work together to achieve their common goal of recovering their investments in auction rate securities, and will resolve significant decisions by consensus. (Anderson Decl., ¶ 4; O'Gara Decl., ¶ 3.)

---

[1] Hereinafter all references to docket entries refer to the docket entries in *Bondar*.

2

No other individual or group has filed a competing motion to be appointed as lead Plaintiff. In addition, none of the Plaintiffs in the cases that are a part of this Multi District Litigation have suggested that the three matters pending before this Court should be consolidated and that they should be appointed Lead Plaintiff.

**ANALYSIS**

The selection of lead plaintiff and approval of lead counsel must comply with the requirements of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 ("PSLRA" or the "Act"). The Act provides that "the court shall appoint as lead plaintiff the member *or members* of the purported class that the court determines to be the most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added). The "'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of [Federal Rule of Civil Procedure] 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). The statute, therefore, imposes a rebuttable presumption that the most capable plaintiff is the class member with the largest financial interest in the relief sought by the class. *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999).

Once such a plaintiff is identified, Rule 23(a) requires that the plaintiff must assert claims or defenses that are typical of the claims or defenses of the class, and the court must find that the representative parties will fairly and adequately protect the interests of the class. *In re Cavanaugh*, 306 F.3d at 730 n.5 (citing Fed. R. Civ. P. 23(a)). This analysis need only be preliminary at this stage in the proceedings and need not be as searching as the one triggered by a motion for class certification. *Cf. In re Microstrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 435 (E.D. Va. 2000).

The Court already has concluded that the Hamm Group alleges that it has suffered a loss exceeding $15 million, and thus has the largest financial interest in the relief sought by the class. The Court also determined that its claims are typical of the class. (July 9 Order at 3:20-4:2.)

3

1  Defendants argue that the Hamm Group is not an adequate lead Plaintiff because the members
2  of the group were brought together by counsel and, thus, appointment of the Hamm Group
3  would not serve the PSLRA's intent to minimize attorney driven litigation.[2]

4  Although the members of the group did not have a pre-existing relationship and were
5  brought together by counsel, the Court concludes that fact does not automatically disqualify the
6  Hamm Group from serving as Lead Plaintiff. *See, e.g., In re Versata, Inc. Sec. Litig.*, 2001 U.S.
7  Dist. LEXIS 24270 at *18 (N.D. Cal. Aug. 21, 2001). In the *In re Versata* case, the court
8  applied a "rule of reason" test to determine whether unrelated investors should be permitted to
9  serve as lead plaintiffs, and noted that "[t]he principal concern is that the proposed group will
10  'actively represent the class.'" *Id.* (quoting *In re Advanced Tissue Sciences Sec. Litig.*, 184
11  F.R.D. 346, 352 (S.D. Cal. 1998)). That "rule of reason" test is in accord with the middle
12  ground adopted by the court in *In re Silicon Storage Sec. Litig.*, 2005 U.S. Dist. LEXIS 42546
13  (N.D. Cal. May 3, 2005), which required a group of unrelated investors to justify the group's
14  existence and explain the structure of the group, including the manner in which it would control
15  the litigation. *Id.* at *29-30.

16  In this case, there is no suggestion in the record that Hamm Quarry and Mr. O'Gara
17  were grouped together in order to assemble a group with the largest financial interest in the
18  litigation. *See id.* at *26-27 (rejecting as lead plaintiff group of unrelated individuals who
19  appeared to have been grouped together to create a group with the largest financial interest).
20  Rather, based on the record before the Court, this group came together in response to the fact
21  that the Sitrin Group's claims had been mooted by the regulatory settlement with Defendants.
22  Further, Mr. Anderson and Mr. O'Gara submit declarations attesting that they will work
23  together to monitor the litigation and to ensure the litigation is efficiently prosecuted. Although

---

[2] Defendants also assert that Mr. O'Gara is a member of another putative class in a case against TD Ameritrade. Because TD Ameritrade recently has agreed to repurchase auction rate securities, Defendants argue that Mr. O'Gara will not have standing to pursue his claims, rendering his claims atypical of the class. Mr. O'Gara attests that he has not received an offer from TD Ameritrade to repurchase his auction rate securities and that he does not believe he is eligible to participate in the TD Ameritrade settlement. (O'Gara Reply Declaration, ¶¶ 2-4.) At this stage, the Court cannot conclude that Mr. O'Gara's claims would be atypical of the putative class.

4

they state that they share the common goal of "recovering our investments," there is nothing in the current record that suggests that Hamm Quarry and Mr. O'Gara will not actively represent the interests of the *members of the putative class*. Finally, both Mr. Anderson and Mr. O'Gara set forth information about their sophistication in matters of business, which Defendants have not disputed. (Anderson Decl., ¶ 5; O'Gara Decl., ¶ 5.) Accordingly, the Court concludes that the Hamm Group will fairly and adequately protect the interests of the class, and GRANTS its renewed motion for appointment as Lead Plaintiff.

The Hamm Group requests that the Court maintain the appointment of Girard Gibbs as Lead Counsel. Because Defendants have not objected to that request, the motion to approve the selection of Girard Gibbs as counsel also is GRANTED.

**CONCLUSION**

For the foregoing reasons, the Hamm Group's Renewed Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel is GRANTED. Pursuant to this Court's Order dated July 15, 2009, Defendants shall answer, move against or otherwise respond to the Second Amended Complaint within fourteen days of the date of this Order.

**IT IS SO ORDERED.**

Dated: August 26, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5