United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BANK OF AMERICA CORP. AUCTION RATE SECURITIES (ARS) MARKETING LITIGATION, | No. MDL 09-02014 JSW |
| This document applies to: | **NOTICE OF QUESTIONS FOR HEARING** |
| *Bondar v. Bank of America Corp., et al.* 09-CV-2599-JSW | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 11, 2009 AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court also suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

//

1    The Court reserves issuing a tentative ruling on Defendants' motion to dismiss
2 Plaintiffs' Second Amended Complaint, and reserves issuing a tentative ruling on whether leave
3 to amend shall be granted.
4    The parties shall have twenty (20) minutes to address the following questions:
5 1.  a.  With the exception of Messrs. Glidden and Dobkins, do Plaintiffs concede that
6        the Second Amended Complaint does not identify any other BAC, BAS or BAIS
7        employee by name?
8    b.  Do Plaintiffs also agree with the principle that, in general, in order to adequately
9        plead scienter as to a corporate entity, a plaintiff must allege facts showing that a
10       corporate officer had the requisite state of mind?
11   c.  If Plaintiffs agree with the general legal principle articulated in question 1.b, is
12       the Court correct in understanding that they are relying on the concept of
13       collective scienter to satisfy their pleading burden?  If not, what facts alleged in
14       the SAC identify with particularity a corporate officer who had the requisite state
15       of mind?
16 2.  Defendants argue that its disclosures negate Plaintiffs' claims of fraud and market
17     manipulation.  However, the Class Period in this case begins in May 2003, and the
18     record suggests that Defendants did not begin to provide these disclosures until after
19     May 31, 2006.  What is Defendants' position on how, if at all, these disclosures impact
20     the viability of any claims based on conduct occurring between May 2003 and May 31,
21     2006?
22 3.  With respect to Counts III and IV of the Second Amended Complaint, given the timing
23     of Hamm's purchases of the ARS in question, what is its best argument that it has
24     alleged facts to adequately plead loss causation on both the market manipulation claims
25     and the misrepresentation claims?  *See, e.g., Luminent Mortgage Capital, Inc. v. Merrill*
26     *Lynch & Co.*, 2009 U.S. Dist. LEXIS 74382 at *49-50 (E.D. Pa. Aug. 20, 2009) ("We
27     are satisfied that the one-and-a-half year time period between the alleged
28     misrepresentation and the injury, combined with the market downturn in the mortgage

2

industry that developed in early-to-mid 2007, is sufficient to undermine the inference of a nexus between Defendants' misrepresentations and the performance of the Junior Certificates."); *cf. Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 772 (2d Cir. 1994) (addressing loss causation in context of RICO case and noting that "when the plaintiff's loss coincides with a market-wide phenomenon causing comparable losses to other investors, the prospect that the plaintiff's loss was caused by the fraud decreases").

4. If the Court were to grant the motion to dismiss, apart from allegations described by Plaintiffs set forth in the SEC's complaint, what additional facts, if any, would Plaintiffs included in a Third Amended Complaint?

5. Are there any other issues any party wishes to address?

**IT IS SO ORDERED.**

Dated: December 10, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE